IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES MARSHALL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Action No. 10-169E** |
| ) | |
| **RAYMOND J. SOBINA et al,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM ORDER

On February 1, 2013, Plaintiff James Marshall filed a "Motion for Appointment of Independent Expert Witness" [ECF #80]. On February 11, 2013, Magistrate Judge Baxter held a telephonic hearing with respect to this motion (as well as another motion filed by Plaintiff). The magistrate judge denied the Motion by Text Order on February 11, 2013 and stated that "Plaintiff may hire his own witness."

On February 25, 2013, Plaintiff filed an "Objection to Order Denying Motion to Appoint Expert" [ECF#94] in which he asks this Court to reconsider Magistrate Judge Baxter's ruling on his request for an expert to be appointed. "A district court may reconsider a Magistrate Judge ruling on non-dispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." Motion, p. 1. In support of his motion for reconsideration, Plaintiff cites to Fed.R.Evid. 706(a). Id. at p. 2. Rule 706(a) provides: "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing. But the court may only appoint someone who consents to act." Fed.R.Evid. 706(a).

We consider Plaintiff's "Objection to Order Denying Motion to Appoint Expert" [ECF#94] to be an appeal of Magistrate Judge Baxter's Order denying Plaintiff's Motion and have analyzed it as such.

Upon review, we find that Magistrate Judge Baxter's decision to deny Plaintiff's "Motion for Appointment of Independent Expert Witness" was not in error for the following reasons. First, the Third Circuit has held that:

> The plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. Nonprisoners often resolve that difficulty through contingent fee retainers with provisions for arranging expert testimony. By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir.1987), *cert. den'd*, 485 U.S. 991 (1988). See also Hakeem v. Salaam, 260 Fed.Appx. 432, ($3^d$ Cir. 2008) (*citing* Boring, *supra.*) (same). Second, we find that the *in forma pauperis* statute makes no provision for litigation expenses other than the reproduction of the record and transcripts. See 28 U.S.C. § 1915(c). Finally, contrary to Plaintiff's contention, we conclude that Fed.R.Evid. 706 is designed to promote a jury's fact finding ability and is not a mechanism which a court can use to appoint an expert for a party in a civil litigation. See Michtavi v. Scism, 2013 WL 371643, *4 (M.D. Pa. Jan. 30, 2013) (citations omitted) (same).

Accordingly, this 23rd day of April, 2013, as we find no error with Magistrate Judge Baxter's February 11, 2013 Text Order denying Plaintiff's "Motion for Appointment of Independent Expert Witness" [ECF #80], it is hereby ORDERED, ADJUDGED, AND DECREED that the Plaintiff's "Objection to Order Denying Motion to Appoint Expert" [ECF#94] is DENIED.

Maurice B. Cohill, Jr.
Senior District Court Judge