IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 10-169Erie |
| ) | |
| RAYMOND SOBINA et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

On July 13, 2010, the Clerk of Courts for the United States District Court for the Western District of Pennsylvania received from Plaintiff James Marshall a Motion for Leave to Proceed In Forma Pauperis. The Motion was granted on July 14, 2010 and Plaintiff's Complaint against Defendants was filed that same date.

On February 8, 2013 Defendants Daniel S. Telega, Tammy Mowery, Dr. Mark Baker and Dr. Valerie Gilreath, all of Prison Health Services, Inc. ("the PHS Defendants") filed a Motion for Summary Judgment on all claims brought against them by Plaintiff [ECF #82]. Also, on February 8, 2013 Defendants Raymond Sobina, William McConnell, Scott Breckenridge, Col. Hewitt and Ralph Lucas ("the Commonwealth Defendants"), filed a partial Motion for Summary Judgment with respect to all claims brought against them by Plaintiff with the exception of Plaintiff's excessive force claim based upon a January 28, 2010 pat down of Plaintiff by Defendant Hewitt [ECF #86].

On April 3, 2013, Plaintiff filed his opposition to the Commonwealth Defendants' Motion for Partial Summary Judgment [ECF #99] and on April 4, 2013 he filed his opposition to the PHS Defendants' motion for summary judgment [ECF #101].

On August 30, 2013, the magistrate judge issued a Report and Recommendation ("R&R") in which she recommended: (1) the motion for summary judgment filed by the PHS Defendants be granted in part and denied in part and the Clerk of Courts directed to terminate Defendants Baker and Gilreath from this action and (2) the partial motion for summary judgment filed by the Commonwealth Defendants be granted in part and denied in part and the Clerk of Courts directed to terminate Defendant Breckenridge.

The parties were given fourteen days to file written objections and an additional fourteen days to file written oppositions to any objections filed. On September 11, 2013 the PHS Defendants, specifically, Defendant Telega and Mowery, filed objections to the R&R [ECF#106]. That same date, the Commonwealth Defendants also filed objections to the R&R [ECF#107]. Thereafter, on September 18, 2013, Plaintiff filed his Objection to Report and Recommendation [ECF#109].

Significantly, the Commonwealth Defendants stated in their objections:

> In reviewing the R&R (and then, upon closer study of plaintiff's response to the partial motion for summary judgment), counsel realized that she made two inadvertent errors in connection with her arguments pertaining to the 3/8/10 investigative search. First, counsel viewed the 3/8/10 investigative search as a single incident - which included not only the search of plaintiff's cell, but also his person. Thus, she failed address those two incidents separately and explain this connection. She should have done so and apologizes for not fully addressing this as a separate claim.
>
> . . .
>
> Second, counsel realized that the Declaration she prepared for Captain White in relation to the 3/8/10 cell search contained an error in ¶3. In paragraph 3, Captain White referred to records of the search of plaintiff's cell (C/B 3) on 2/2/10, in which contraband that could be used as a weapon was found, belonging to plaintiff's cellmate Chadwick. (Exh. 18, at ECF 89-3, p. 18.) The date referenced in paragraph 3 of that declaration – 2/2/10 – was incorrect and should have been 2/14/10.

2

DOC Defendants' Objections to Report and Recommendation. The Commonwealth Defendants also attached to their Objection new evidence in the form of a supplemental declaration by Captain Jeffrey M. White and search logs.

Rule 72(b)(3) of the Federal Rules of Civil Procedure provides: "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

Having reviewed *de novo* the pleadings in this case as well as the various documents of record related to the motions for summary judgment filed by the Defendants and Plaintiff's responses thereto, including the new evidence submitted by the Commonwealth Defendants, the Court finds that the Plaintiff must have the opportunity to review the new evidence and its effect on his claims against Defendants and that Magistrate Baxter may want to vacate her Report and Recommendation in light of this new evidence. Accordingly, we are remanding this matter back to Magistrate Judge Baxter in order for her to determine how best to handle the new evidence submitted by the Commonwealth Defendants.

AND NOW, this 23rd day of September, 2013, IT IS HEREBY ORDERED, ADJUDGED and DECREED that this matter is remanded back to Magistrate Judge Baxter for further review of this matter consistent with this Memorandum Order.

*Maurice B. Cohill Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge