IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 10-169E |
| | ) | |
| RAYMOND J. SOBINA et al , | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

On December 10, 2013, Plaintiff James Marshall filed a "Motion to Strike Defendants Exhibits"

[ECF #123]. By this Motion, Plaintiff sought to strike the following exhibits attached to the

Commonwealth Defendants' motion for summary judgment: (1) Exhibit 18, a revised

Declaration of Jeffrey White; (2) Exhibit 20, a copy of search logs; (3) Exhibit 21, a cell history

of Inmate Williams; (4) Exhibit 22, a cell history of Inmate Chadwick; and (5) Exhibit 23, a duty

roster for 2/14/10 and 3/8/10.

On June 2, 2014, Magistrate Judge Baxter filed a Memorandum Opinion where she denied, in

relevant part, Plaintiff's Motion to Strike [ECF#135]. In so denying the Motion, Magistrate Judge Baxter

explained:

> Plaintiff has not sufficiently alleged that these submissions are "redundant,
> immaterial, impertinent, or scandalous" as required by the Rule. See F.R.Civ.P.
> 12(f). In fact, Plaintiff makes no argument as to whether any of these standards
> are met.
>
> Also within the Motion to Strike, Plaintiff moves this Court to strike the Revised
> White Declaration pursuant to Federal Rule 56 governing motions for summary
> judgment. Rule 56(h) provides that if an affidavit or declaration is submitted in
> bad faith or solely for delay, the court may order the submitting party to pay
> reasonable expenses of the non-submitting party, or may be held in contempt or
> subjected to other appropriate sanctions. Id. As counsel for Defendants has
> explained, both she and Captain White made an error in the earlier Declaration
> and the error was not intentional. As there is no evidence that any of White's

Declarations were submitted in bad faith or solely for delay, sanctions under Rule 56 are inappropriate.

Although the motion to strike is herein denied, Plaintiff may be able to use White's prior inconsistent statements in cross examination for impeachment purposes during a trial of this action. Furthermore, Plaintiff may file a motion at the pre-trial stage of this case requesting that District Judge Cohill give an adverse inference instruction to the jury should he deem such an instruction warranted.

Memorandum Order, pp. 1-2 (footnote omitted). Magistrate Judge Baxter further explained that: "[i]n accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to District Judge Cohill. Failure to file a timely appeal may result in the waiver of appellate rights." Id. at p. 3.

Thereafter, on June 23, 2014, the Court received from Plaintiff an "Objection to Report and Recommendation and Memorandum Order Denying Motion to Strike" [ECF #140]. Significantly, these objections and the accompanying "Certificate of Service" are dated June 18, 2014. With respect to Magistrate Judge Baxter's denial of Plaintiff's Motion to Strike, Plaintiff contended:

> I[t] is true, that the plaintiff may not have cited the standard of review for F.R.Civ.P. 12(F), as it pertains to the argument "redundant, immaterial, impertinent or scandalous". However, the plaintiff sufficiently demonstrated the documents submitted were scandalous, without certification or authentication, and contradictory. As such, the plaintiff specifically objects.
>
> As for the SHAM AFFIDAVIT, the plaintiff specifically objects to the magistrat[e's] contention, that it was not [done] intentionally or in bad faith. Not only was the search dates misrepresent[ed], but the policy for random cell searches and investigative cell and strip search. All of these m[u]st have been unintentional also, or demonstrate bad faith. See, Memorandum of law in support to Motion for sanction.

Plaintiff's Objections, p. 10.

2

We are treating Plaintiff's "Objection to Report and Recommendation and Memorandum Order Denying Motion to Strike" [ECF #140] as an appeal of Magistrate Judge Baxter's June 2, 2014 Memorandum Order. As such, Plaintiff had fourteen days, or until June 16, 2014 to file an appeal of the Memorandum Order. Utilizing June 18, 2014 as Plaintiff's filing date, his appeal is untimely and will be denied for that reason. Additionally, even if it had been timely filed, we still would deny Plaintiff's appeal of Magistrate Judge Baxter's June 2, 2014 Memorandum Order because Magistrate Judge Baxter was correct when she denied Plaintiff's motion to strike. As concluded by Magistrate Judge Baxter, Plaintiff did not sufficiently establish that any "matter" in the exhibits he seeks to have stricken are "redundant, immaterial, impertinent, or scandalous" as required by Fed.R.Civ.P. 12(f) and there is no evidence that Captain White's Declarations were submitted in bad faith or solely for delay.

Accordingly, this 9th day of September, 2014, as we find Plaintiff's appeal of Magistrate Judge Baxter's June 2, 2014 Memorandum Order was untimely filed and because we find no error with said Memorandum Order denying Plaintiff's "Motion to Strike Defendants Exhibits" [ECF #123], it is hereby ORDERED, ADJUDGED, AND DECREED that the Plaintiff's "Objection to Report and Recommendation and Memorandum Order Denying Motion to Strike" [ECF #140] is DENIED to the extent it is an appeal of Magistrate Judge Baxter's June 2, 2014 Memorandum Order[1].

Maurice B. Cohill, Jr.
Senior District Court Judge

---

[1] To the extent Plaintiff's "Objection to Report and Recommendation and Memorandum Order Denying Motion to Strike" [ECF #140] contains objections to Magistrate Judge Baxter's June 2, 2014 Report and Recommendation [ECF #134] wherein she recommended that the defendants' motions for summary judgment be granted in part and denied in part, these objections will be addressed in a separate document from this Court.