# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MARSHALL, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 10-169E |
| RAYMOND J. SOBINA et al, | ) |
| Defendant. | ) |

## AMENDED FINAL SCHEDULING ORDER

On April 21, 2015, this Court issued a Final Scheduling Order wherein it scheduled a jury trial in this matter for **October 5, 2015 at 9:30 a.m.** in Courtroom A, Erie Federal Courthouse, 17 South Park Row, Erie, Pennsylvania and ordered Plaintiff to file his pre-trial narrative statement no later than **August 4, 2015**. To date, Plaintiff has not filed his pre-trial narrative statement.

Since April, 2015, this Court has had to schedule a criminal jury trial to begin on October 5, 2015. Accordingly, the final pre-trial conference and jury trial in this civil matter shall be continued to Monday, October 26, 2015.

AND NOW, to-wit, this 7th day of August, 2015 it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. A final pretrial conference is set for **October 26, 2015 at 9:30 a.m.** in Courtroom A, Erie Federal Courthouse, 17 South Park Row, Erie, Pennsylvania. This case shall be called for **Jury Trial** on **October 26, 2015** immediately following the final pretrial conference in Courtroom A, Erie Federal Courthouse, 17 South Park Row, Erie, Pennsylvania.

2. Plaintiff's pretrial narrative statement shall comply with L.R. 16.1.C.1 and be filed no later than **August 24, 2015**. The pretrial statement shall include the following:

a. a brief narrative statement of the material facts that will be offered at trial;

b. a statement of all damages claimed, including the among and the method of calculation of all economic damages;

c. the name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, and identifying each witness as a liability and/or damage witness;

d. the designation of those witness whose testimony is expected to be presented by means of a deposition and the designation of the portion of each deposition transcript (by page and line number) to be presented (and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony);

e. an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those that the party expects to offer and those that the party may offer of the need arises and assigning an exhibit number to those that the party expects to offer;

f. a list of legal issues that the party believes should be addressed at the final pretrial conference;

g. copies of all expert disclosures that the party made pursuant to Federal Rule of Civil Procedure 26(a)(2) with respect to expert witnesses identified in the pretrial statement pursuant to Local Civil Rule 16.1.C.1.c; and

h. copies of all reports containing findings or conclusions of any physician who has treated, examined, or has been consulted in connection with the injuries complained of, and whom a party expect so call as a witness at the trial of the case.

3. Defendants' pretrial narrative statement shall comply with L.R. 16.1.C.1 and be filed no later than **September 14, 2015**. Defendants' pretrial statement shall meet the same requirements indicated above for Plaintiff's pretrial statement and in addition include defenses to the damages claims asserted against the defendant by any party and a statement of all damages claimed by the defendant in connection with a counterclaim, cross-claim, or third party claim,

including the amount and the method of calculation of all economic damages.

4. Motions in limine shall be due no later than **October 2, 2015**. Responses to motions in limine shall be due by **October 9, 2015**.

**Pursuant to Local Civil Rule 16.1.C.4, before filing a motion in limine, counsel for Defendants and pro se Plaintiff shall confer with each other in an effort to reach agreement on the issue to be raised by the motion. In the event an agreement is not reached, the motion in limine shall be accompanied by a certificate of the movant denominated a Motion in Limine Certificate stating that all parties made a reasonable effort to reach agreement on the issue raised by the motion.**

5. Prior to and in preparation for the <u>Final Pretrial Conference</u>, counsel and Pro Se Plaintiff shall:

    **a.** make available for examination by opposing counsel all exhibits identified in the pretrial statement and examine all exhibits made available by opposing counsel, L.R. 16.1.C.5.a; and

    **b.** unless previously filed, prepare a motion containing supporting legal authority for presentation at the final pretrial conference on any legal issues that have not been decided, L.R. 16.1.C.5.c.

6. At the <u>Final Pretrial Conference</u> counsel and Pro Se Plaintiff shall:

    **a.** indicate on the record whether any exhibits of the other party are agreed to or objected to, and the reason for any objection, L.R. 16.1.C.6.a.; and

    **b.** be prepared to disclose and discuss the evidence to be presented at trial, including any anticipated use of trial technology in the presentation of evidence or in the opening statement of closing argument, and any anticipated presentation of expert testimony and any challenges thereto, L.R. 16.1.C.6.c; and

    **c.** Any depositions or any portion thereof to be read into evidence shall be identified at the final pretrial conference. Objections to the admissibility of any portion thereof shall be identified and submitted to the Court at the final pretrial conference. This order does not include videotaped qualifications of experts.

7. Failure to fully disclose in the pretrial statements (or, as permitted by the Court, at or before the final pretrial conference) the substance of the evidence proposed to be offered at trial, may result in the exclusion of that evidence at trial, at a hearing or on a motion unless the parties otherwise agree or the Court orders otherwise. The only exception will be evidence used solely for impeachment purposes, L.R. 16.1.C.7.

8. The anticipated absence of any witness shall not be sufficient cause to delay the trial. Video tape deposition service is available through the Clerk of Court.

9. All exhibits must be exchanged and marked in advance of trial. Copies are to be provided for the Court in binders properly labeled ("Plaintiff's Exhibits" and Defendants' Exhibits"). Counsel and Pro Se Plaintiff shall plan to submit a copy of the Exhibit Binder to the Court on the date set for jury selection. Counsel and Pro Se Plaintiff shall provide to the Court Reporter copies of all exhibits referred to during the course of the trial. Counsel and Pro Se Plaintiff shall also provide to the Court and to the Court Reporter copies of witness and exhibit lists.

10. Counsel and Pro Se Plaintiff are permitted to submit proposed supplemental voir dire questions in writing by **September 25, 2015**. Counsel and Pro Se Plaintiff will be provided with the Court's standard voir dire questions at a later date.

11. Any proposed points for charge shall be submitted by **October 16, 2015**. Counsel and Pro Se Plaintiff will be provided with a copy of the Court's standard jury instructions at a later date.

12. A charging conference will be held during the trial at which the parties' proposed instructions will be ruled on. Counsel and Pro Se Plaintiff are required to state objections to any

proposed charge at the charging conference and to supply the alternate language, together with case authority.

                                                   <u>S/Maurice B. Cohill, Jr.</u>
                                                   Maurice B. Cohill, Jr.
                                                   Senior United States District Judge

cc:               Pro Se Plaintiff James Marshall
CM/ECF:     Counsel for Defendants